UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FAIZ NUR; FAWZIA RAHMAN; MARYAM RAHMAN; and SAID SHERBAZ, individually and on behalf of classes of others,<br><br>Plaintiffs,<br><br>v.<br><br>TATITLEK SUPPORT SERVICES, INC., a foreign corporation; GEONORTH LLC, a foreign limited liability company,<br><br>Defendants. | Case No. 15-CV-00094 SVW (JPRx)<br><br>and Related Actions<br><br>Hon. Stephen V. Wilson<br><br>**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[*Filed concurrently with Joint Notice of Motion for Preliminary Approval of Class Action Settlement; Memorandum of Points and Authorities in Support of Joint Motion for Preliminary Approval of Class Action Settlement; Joint Stipulation of Class Action Settlement and Release of Claims; Request for Judicial Notice; Declarations of Jon D. Meer and Trey Dayes*] |

Plaintiffs Faiz Nur, Fawzia Rahman, Maryam Rahman, and Said Sherbaz ("Plaintiffs" or "Class Representatives"), and Defendants Tatitlek Support Services, Inc. and GeoNorth LLC ("Defendants") (collectively, the "Parties") have filed their Joint Motion for Preliminary Approval of Class Action Settlement seeking preliminary approval of the class action settlement terms (the "Settlement") set forth in the concurrently filed Joint Stipulation of Class Action Settlement and Release of Claims (the "Joint Stipulation").

Plaintiffs appeared and argued through their counsel, Trey Dayes of Phillips Dayes. Defendants appeared and argued through their counsel, Jon D. Meer and John R. Giovannone of Seyfarth Shaw LLP.

The Honorable Stephen V. Wilson presided at the hearing.

The Court, having considered all papers filed and otherwise being fully informed of the terms of the Settlement, HEREBY ORDERS AS FOLLOWS:

## I. THE SETTLEMENT HAS BEEN THOROUGHLY EVALUATED AND DETERMINED FAIR AND ADEQUATELY SUPPORTED

1. The Parties have adequately and thoroughly investigated the facts relating to the claims alleged in this matter and have made a thorough study of the legal principles applicable to the claims asserted against Defendants. Based on the factual and legal issues involved, the expense and time necessary to prosecute this matter through trial, the risks, uncertainty and costs of further prosecution, the difficulty of proof necessary to establish a class for purposes of liability, and the relative benefits to the Class of an expeditious resolution, the Parties and the office of the California Labor Commissioner, Division of Labor Standards Enforcement, Department of Industrial Relations, for the State of California ("DLSE"), have entered into the Settlement.

2. Based on Class Counsel's investigation, evaluation, and participation in a mediation with a California-based mediator highly knowledgeable and experienced with respect to wage and hour law and class action litigation, Class Counsel is of the opinion

that the terms set forth in the Settlement are fair, reasonable, adequate, and in the best interest of the Class Members.

3. Likewise, following the DLSE's investigation, evaluation, and participation with the Parties in a mediation with a California-based mediator highly knowledgeable and experienced with respect to wage and hour law and class action litigation, the DLSE (specifically, DLSE Counsel Michael N. Jackman and Deborah D. Graves) provided governmental participant approval of the Settlement by executing Exhibits E and F of the Parties' Joint Stipulation (the "Memorandum of Understanding Signed by the Parties and DLSE Counsel" and "Addendum 1: DLSE Rights, Duties, and Obligations Agreement Signed by the Parties and DLSE Counsel").

4. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge any and all claims, rights, demands, charges, complaints, causes of action, obligations or liability of any and every kind that were or could have been asserted in this Action, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Complaint filed in this Action. This Settlement shall also encompass the claims made in the other related cases pending before the Court, including the matters entitled *Abbas v. TSSI*, Case No. 15-CV-0489, *Ali v. TSSI*, Case No. 15-CV-6667, *Noorzay v. TSSI*, Case No. 14-CV-9923, *Chalupa v. TSSI*, Case No. 15-CV-0298, the 94 related DLSE *de novo* bench trials[1] in federal and state courts, and 200 pending DLSE hearings.

## II. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

5. The Court **PRELIMINARILY APPROVES** the Settlement as fair, reasonable, and adequate, and to have been the product of serious, informed, and extensive arm's-length negotiations among the Parties.  In making this preliminary finding, the Court considers the nature of the claims, the relative strength of Plaintiffs' claims, the amounts and kinds of benefits paid in settlement the allocation of settlement

---

[1] The full list of the 94 federal trial *de novo* proceedings are set forth in paragraph 1.17 of the Joint Stipulation.

proceeds, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.

6. The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

## III. SETTLEMENT CLASS CERTIFICATION

7. The Court **PRELIMINARILY APPROVES** a proposed Class in this matter consisting of all employees who worked as role players or interpreters or in other non-exempt hourly job positions for Defendants at the United States Marine Corps Air Ground Combat Training Center in Twentynine Palms, California ("Twentynine Palms") between December 10, 2010 through December 31, 2014.[2] Further, the Settlement Class shall consist of all Class Members who do not file a timely and valid opt-out Request for Exclusion.

8. The DLSE Award Claimants are those Class Members who received an Order, Decision or Award against one or both of the Defendants from the DLSE and who are subject to trial de novo proceedings in this Court in 94 separate actions. The DLSE Award Claimants are part of the Settlement Class.

9. The DLSE Hearing Claimants are those Class Members who have or may file an administrative claim against one or both Defendants or any of the Released Parties (as defined in the Settlement) with the DLSE, but have not yet had a hearing on their matters. The DLSE Hearing Claimants are part of the Settlement Class.

10. The Class is preliminarily and conditionally certified solely for purposes of settlement.

11. Plaintiffs are preliminarily and conditionally appointed as Class Representatives solely for purposes of settlement.

---

[2] As the Parties have stipulated, Defendants did not employ any role players or interpreters or other non-exempt hourly employees at Twentynine Palms after December 31, 2014.

3
ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

25334563v.2

12. Trey Dayes of Phillips Dayes and Dennis Evans are preliminarily and conditionally appointed as Class Counsel for purposes of settlement, and as such, are permitted and encouraged to communicate with any and all Class Members for the purpose of encouraging participation in the Settlement.

13. With respect to the provisionally certified Class for settlement purposes, if the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with the issue of whether a class should be certified in this action in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Parties, or in this Action if the Settlement is not finally approved.

## IV. MONETARY RELIEF TO BE PROVIDED TO THE SETTLEMENT CLASS

14. Defendants have agreed to pay up to a maximum potential Gross Settlement Amount of $3,000,000. The $3,000,000 Gross Settlement Amount is inclusive of any attorneys' fees and costs award, Class Representative Incentive Payments, the DLSE Award Claimants Disbursement, Individual Settlement Payments, employee and employer share of payroll taxes, and other payroll deductions and settlement administration costs.

15. The Settlement shall be made on a claims-made basis. Only those Class Members who submit a timely and valid Claim Form will be eligible to receive an Individual Settlement Payment. Defendant will receive any portion of the Net Settlement Amount that is not distributed due to any Class Members' failure to timely execute and return a valid Claim Form.

16. The Court **PRELIMINARILY APPROVES** this monetary settlement. The Court finds that a claims-made settlement, with a revision of unclaimed funds to the employer to be fair, reasonable, and adequate under the circumstances. Indeed, claims-

made settlements, with a reversion of unclaimed funds to the employer are routinely approved by the Ninth Circuit and Courts in California. The following list summarizes only a small sample of those cases: *Glass v. UBS Financial Services, Inc.*, 331 Fed. Appx. 452, 457 (9th Cir. 2009) (upholding approval of class action settlement on a claims-made basis with a reversion); *Lovig v. Sears, Roebuck & Co.*, Case No. 5:11-cv-00756-CJC-RNB (C.D. Cal. Jun. 1, 2015) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Wilson v. Walgreen Co.*, Case No. 2:11-cv-7664-PSG-FFM (C.D. Cal. Oct. 3, 2014) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Gould, et al. v. Motel 6, Inc.*, Case No. 2:09-cv-08157-CAS-FMO, (C.D. Cal., Nov. 5, 2013) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Bautista v. Harvest Management Sub LLC dba Holiday Retirement*, Case No. 2:12-cv-10004-FMO-CW (C.D. Cal. Oct. 16, 2013) (approving claims-made basis, with a reversion in a hybrid case in a wage and hour class action settlement); *Park v. The Blue Buffalo Co.*, Case No. 3:12-cv-01274-AJB-NLS (S.D. Cal. Sep. 20, 2013) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Graham v. Overland Solutions, Inc.*, Case No. 3:10-cv-0672-BEN-BLM (S.D. Cal. Jan. 29, 2013) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Lemus v. H&R Block Tax & Business Services, Inc.*, Case No. 3:09-CV-03179-SI (N.D. Cal. Aug. 22, 2012) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Gardner v. GC Services, LP*, Case No. 3:10-cv-0997-IEG-KSC (S.D. Cal. Apr. 2, 2012) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Jack v. Hartford Fire Ins. Co.*, Case No. 3:09-cv-1683-MMA-JMA (S.D. Cal. Oct. 13, 2011) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Singer v. Becton, Dickinson and Co.*, Case No. 08-cv-821-IEG-BLM (S.D. Cal. Jun. 1, 2010) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Cram v. Electronic Data Systems Corp.*, Case

1  No. 2:07-cv-01842-LAB-NLS (S.D. Cal. Jan. 16, 2009) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Aguilar v. 7-Eleven*, Case No. 30-2009-00268714-CU-OE-CXC (Orange County Superior Court, Jun. 4, 2015) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Hodge, et al. v. Zale Delaware, Inc.*, Case No. CIVVS1301632 (San Bernardino Superior Court, Mar. 9, 2015) (approving claims-made basis, with a reversion in a wage and hour class action settlement); *Chambers, et al. v. White Memorial Medical Center, et al.*, Case No. BC426335 (Los Angeles Superior Court, Oct. 3, 2014) (approving claims-made basis, with a reversion in a wage and hour class action settlement); and *Zadeh v. IKON Office Solutions, Inc.*, Case No. BC470371 (Los Angeles Superior Court, June 4, 2013) (approving claims-made basis, with a reversion in a California Labor Code class action settlement).

## V.   THE DLSE AWARD CLAIMANT DISBURSEMENT

17.   The Court finds that it is fair, reasonable, and adequate to allocate $300,000 of the Gross Settlement Amount to be distributed to the DLSE Award Claimants to resolve their outstanding DLSE awards (in addition to their respective shares of the Net Settlement Amount, the calculation of which is described below). As such, the Court **PRIMARILY APPROVES** the DLSE Award Claimant Disbursement.

18.   In order to receive a DLSE Award Claimant Disbursement, a DLSE Award Claimant must not opt out of the Settlement and must sign a stipulation authorizing, upon the entry of final approval of the Settlement by the Court, the release of any bond posted by Defendants in connection with the DLSE Award Claimants' Order, Decision and Award and subsequent trial *de novo* proceeding. For each DLSE Award Claimant that does not file a timely and valid Request for Exclusion, the trial *de novo* proceedings in federal and state court will be dismissed, with prejudice.

19.   The DLSE executed Addendum 1 to the Joint Stipulation (DLSE Rights, Duties, and Obligations Agreement, or "Addendum 1 Agreement") on April 1, 2016. Per

that Agreement, the DLSE had until April 11, 2016 to notify Defendants of any additional information or data reasonably needed to determine the individual allocation amounts of the $300,000 DLSE Award Claimant Disbursement among the DLSE Award Claimants.

20. Per the Addendum 1 Agreement, the DLSE shall have begun the process of allocating the assignment of the individual payments and seeking acceptance from each of the DLSE Award Claimants by or before April 21, 2016 (or immediately upon receipt of this order if later than April 21, 2016 and such process has not yet begun).

21. Per the Addendum 1 Agreement, the DLSE will use its best efforts to communicate the risks and benefits of a trial de novo in an effort to allow each DLSE Award Claimant to make an informed decision whether to exercise the Right to Exclusion under the Settlement. The DLSE may also inform the DLSE Award Claimants that the entire Settlement could be voided by Defendants if more than 4 of the DLSE Award Claimants exercise a Right of Exclusion.

22. Per the Addendum 1 Agreement, The DLSE shall have the discretion to determine or to revise each individual allocation of the DLSE Award Claimant Disbursement based on each individual's workdays, wage rate, job duties, time records, and other relevant factors. The DLSE expressly recognized that there may have been mistakes or miscalculations in the original amounts awarded in prior DLSE administrative proceedings and the DLSE will explain this information to the DLSE Award Claimants.

23. Per the Addendum 1 Agreement, The DLSE will also inform the DLSE Award Claimants that any prior Order, Decision or Award from the DLSE is not binding on the Court or entitled to any deference by the Court in the trial de novo proceedings.

24. Per the Addendum 1 Agreement, within seven calendar days after the time period for Class Members to opt out of the Settlement, the DLSE shall provide Class Counsel and Defendants' Counsel with a list of those DLSE Award Claimants who have

not opted out of the Settlement and the schedule of individual distribution amounts to be provided to each of the DLSE Award Claimants.  In addition, the DLSE shall provide Defendants' Counsel with signed stipulations from each of the DLSE Award Claimants authorizing, upon the entry of the Final Approval Order by the Court, the release of any bond posted by Defendants.

25. Given that Class Counsel has also been appointed to represent the DLSE Award Claimants, Class Counsel will participate, either separately, or in conjunction with the DLSE, in communicating with the DLSE Award Claimants to discuss their decision to accept the DLSE Award Claimant Disbursement.  Class Counsel is uniquely qualified to participate in these communications given that they employ personnel who are fluent in the languages of the Afghani and Iraqi DLSE Award Claimants.

## VI. CLAIM CALCULATIONS FOR SETTLEMENT PAYMENTS

26. Provided that they have timely returned a valid Claim Form and did not submit a timely Request for Exclusion to opt out of the Settlement, each Class Member will be eligible to receive a portion of the Net Settlement Amount in accordance with the following formula:  Each Class Members' potential share of the Net Settlement Amount will be calculated by dividing the number of Days Worked by the Class Member by all Days Worked by the Class during the Class Period, multiplied by the Net Settlement Amount [*i.e.*, (individual Days Worked ÷ total Days Worked by the Class) x Net Settlement Amount]. The settlement payments for each individual will be provided in up to three settlement checks.

27. The first settlement check shall be for 10% of each Class Member's individual portion of the Net Settlement Amount, provided the Class Member files a timely and valid Claim Form.  This check will be for the FLSA Period and as consideration for release of claims under the FLSA.  This check shall include language indicating that endorsing and cashing the check will constitute an affirmative opt in for FLSA purposes, pursuant to 29 U.S.C. section 216(b), which affirmatively requires

8
ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

25334563v.2

employees to opt in to receive a settlement under the FLSA. The language to be included will be substantially similar to the following: "My signature or cashing of this check constitutes my consent to join the lawsuit entitled *Nur, et al. v. Tatitlek Support Services, Inc., et al.*, pending in the United States District Court, Central District of California, designated as Case No. 15-CV-00094 SVW (JPRx), pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 216(b), for purposes of participating in a settlement. I further understand that my signature or cashing of this check constitutes a full and complete release of Tatitlek Support Services, Inc. and GeoNorth, LLP and all of their current or former subsidiary or affiliated entities, and their current or former officers, directors and employees for any and all claims under the FLSA occurring during my employment at any time between December 10, 2011 and the date of the Preliminary Approval Order of the Settlement of the lawsuit. I accept this check as payment in full for all FLSA claims alleged in the lawsuit." For this payment, 75% of the amount shall be allocated to statutory penalties and 25% of the amount will be allocated to wage-compensation.

28. The second settlement check shall be for 90% of each Class Member's portion of the Net Settlement Amount, provided the Class Member files a timely and valid Claim Form. This check will include language indicating that endorsing and cashing the check will constitute a release of claims under the California Labor Code and California Unfair Competition Law, as stated in the Action or arising from the facts alleged in the Action. The language to be included will be substantially similar to the following: "My signature or cashing of this check constitutes a full and complete release of Tatitlek Support Services, Inc. and GeoNorth, LLP and all of their current or former subsidiary or affiliated entities, and their current or former officers, directors and employees for any and all claims asserted or that could have been asserted based on the facts alleged in the lawsuit entitled *Nur, et al. v. Tatitlek Support Services, Inc., et al.* pending in the United States District Court, Central District of California, designated as

Case No. 15-CV-00094 SVW (JPRx), including the claims brought under the California Labor Code or California Unfair Competition Law, arising during my employment at any time between December 10, 2010 and the date of the Preliminary Approval Order of the Settlement of the lawsuit." For this payment, 75% of the amount shall be allocated to statutory penalties and 25% of the amount will be allocated to wage-compensation.

29.  The third check, where applicable, shall be provided to DLSE Award Claimants who do not opt out for their individual DLSE Award Claimant Disbursement. For this payment, 75% of the amount shall be allocated to statutory penalties and 25% of the amount will be allocated to wage-compensation.

## VII.  PROPOSED RELEASE OF CLAIMS BY CLASS MEMBERS

30.  The monetary relief described herein is provisionally and conditionally approved as adequate and valuable consideration in support of the release of all known and unknown claims as set forth in the Joint Stipulation. Specifically, the Court **PRELIMINARILY APPROVES** the proposed release by class members, which provides that by operation of the entry of the Final Approval Order and judgment, and except as to such rights or claims as may be created by the Settlement, each Class Member, and each of their respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, spouses or guardians, will release each of the Released Parties of and from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind that were or could have been asserted in any version of the complaints filed in this Action or are based on or arise out of the facts alleged in any version of the complaints filed in this Action, including, those for (1) failure to pay all overtime wages under the California Labor Code, Cal. Labor Code Sections 510, 1194 and 1198; (2) failure to pay all wages or overtime wages under the FLSA, 29 U.S.C. Sections 206, 207 and 216; (3) failure to pay minimum wage under the California Labor Code, Cal. Labor Code Sections 98, 1193.6 and 1194; (4) failure to provide meal periods or meal period premium pay under the California Labor

Code, Cal. Labor Code Sections 226.7 and 512; (5) failure to authorize rest periods or rest period premium pay under the California Labor Code, Cal. Labor Code Section 226.7; (6) failure to pay or timely pay all forms of earned wages under the California Labor Code, Cal. Labor Code Sections 201, 202, 203 and 204; (7) failure to provide accurate and itemized wage statements or maintain records under the California Labor Code, Cal. Labor Code Sections 226 and 1174; (8) failure to timely pay all forms of earned wages upon termination of employment under the California Labor Code, Cal. Labor Code Section 203; or (9) unfair competition or unfair business practices under the California Unfair Competition Law and California Business and Professions Code, Cal. Bus. & Prof. Code Sections 17200 *et seq.*  This release also includes a release of all claims that were or could have been brought based on the facts asserted in any version of the complaints filed in the Action for violation of any part of California Industrial Welfare Commission Wage Order 2-2001, Cal. Code Regs., Title 8, Section 11020; or California Industrial Welfare Commission Wage Order 4-2001, Cal. Code Regs., Title 8, Section 11040; as well as a release of all claims under the California Private Attorney General Act of 2004 ("PAGA"), California Labor Code Section 2698 *et seq.*, arising from or related to any of the underlying claims that were or could have been asserted in any version of the complaints filed in the Action.

## VIII. PROPOSED CLAIMS ADMINISTRATOR CLASS NOTICE AND PROCEDURES FOR OPTING OUT OR FILING A NOTICE OF OBJECTION

### A. Appointment of Claims Administrator

31.  The Court **PRELIMINARILY APPROVES** and appoints Simpluris, Inc. as the neutral third party settlement administrator.

32.  Within 14 calendars days of the entry of this Order, Defendants shall provide the settlement administrator with a list of each Settlement Class Members' current known mailing address, social security number, and number of workdays during the class period.

33. The settlement administrator shall keep the data provided by Defendants strictly confidential and shall use it only for the administration of the Settlement. The settlement administrator shall return the data to Defendants or confirm its destruction upon completion of the settlement administrator's duties in administering the Settlement.

34. By not later than 45 calendar days after the initial mailing of the Notice of Class Action Settlement, Claim Form and Request for Exclusion, the Settlement Administrator will prepare and submit a declaration attesting to (by number of relevant individuals), its mailing of Class Notice, its inability to deliver any mailing due to invalid addresses, and its receipt of valid Requests for Exclusion. Five calendar days prior to the Fairness Hearing, the Settlement Administrator will prepare a supplemental declaration to submit to the Court, to indicate the number of valid timely claims, objections and opt out Requests for Exclusion. This supplemental declaration shall also include a statement of due diligence and proof of mailing with regard to mailing the Notice of Class Action Settlement, Claim Form, and Request for Exclusion. In the event the settlement administrative costs exceed $60,000, the parties will jointly request an additional amount and seek Court approval.

35. Class Counsel's motion for settlement administration costs shall be filed by July 25, 2016 and shall be heard during the Settlement Fairness and Final Approval Hearing.

B. **Approval of Notice of Class Action Settlement, Claim Form, and Request for Exclusion Procedures**

36. The proposed Notice of Class Action Settlement, Claim Form, and Request for Exclusion are clear, easily understandable, and provide reasonable and adequate notice to the Settlement Class of their rights and responsibilities under the Joint Stipulation.

37. The settlement administrator shall send the Class Notice within 30 calendar days of entry of this Order as follows:

   a. The settlement administrator shall send the Notice of Class Action Settlement, Claim Form and Request for Exclusion to Class Members via First Class U.S. Mail, using the most current, known mailing address for each Class Member based on the information provided by Defendants.

   b. Any mailing returned to the settlement administrator as undeliverable shall be sent within five calendar days via First Class U.S. Mail to the forwarding address affixed thereto.  If no forwarding address is provided, the settlement administrator shall attempt to determine the correct address using a computer-based skip-trace search, and it shall then perform a single re-mailing via First Class U.S. Mail within five calendar days.

38. The Court finds this method of notice to be the best reasonable method of notice available under the circumstances.  The Court further finds that the proposed Class Notice "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchhill Village, LLC v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

39. Although some Class Members might not receive the Notice of Class Action Settlement, Claim Form and Request for Exclusion as provided under this Order due to an inability to locate their current address following the procedures set forth in this Order, such individuals shall nonetheless be bound by all of the terms of the Settlement and subsequent orders of this Court.  In the event that some Class Members do not receive the Notice of Class Action Settlement, Claim Form and Request for Exclusion or a settlement payment, this Action shall not be subject to any provisions for distribution of unpaid residuals, including but not limited to, pursuant to California Code of Civil Procedure Section 384.

40. Class Members shall be provided 30 calendar days after the postmark date of the initial mailing of the Notice of Class Action Settlement and the Claim Form to

exercise any rights with regard to the Settlement. Except as specifically provided herein, no Class Member responses of any kind that are postmarked more than 30 calendar days after the initial mailing of Class Notice shall be considered.

41. In order to receive the Individual Settlement Payment, the Class Member must timely execute and return the Claim Form under penalty of perjury, provide the last four digits of his or her social security number, and return the Claim Form by U.S. First Class Mail to the settlement administrator postmarked within 30 calendar days after the postmark date of the initial mailing of the Class Notice.

42. Class Members may opt out of the Settlement by mailing to the settlement administrator the Request for Exclusion, postmarked not more than 30 calendar days after the postmark date of the initial mailing of the Notice of Class Action Settlement, Claim Form and Request for Exclusion. To be a valid Request for Exclusion, a Class Member must provide his or her name (and former names, if any), current address, current telephone number, and social security number. Any Request for Exclusion that does not include all of the required information or that is not submitted in a timely manner will be deemed null, void, and ineffective. If there is a dispute regarding the timeliness or validity of a Request for Exclusion, the settlement administrator shall make the determination, after consultation with Class Counsel and Defense Counsel.

43. Any Class Member who opts out of the Settlement may not object to the Settlement, shall not receive any Individual Settlement Payment, shall not receive any DLSE Award Claimant Disbursement, and shall not be bound by the release provisions in this Agreement. If a Class Member submits both a Request for Exclusion and an Objection, the Class Member's Objection will be valid and be deemed to invalidate the Request for Exclusion.

44. Each Class Member who does not opt out of the Settlement shall be bound by the release.

45. Class Members may object to the Settlement. Class Members' objections to the Settlement or this Agreement must be made using the procedures set forth in the Notice of Class Action Settlement. Any objection must be sent to the settlement administrator and postmarked no later than 30 days after the first postmark date of mailing the Notice of Class Action Settlement. An objection shall be deemed to be submitted as of the postmarked date. The written objection must contain: (1) the name and case number of this lawsuit *Nur, et al. v. Tatitlek Support Services, Inc., et al.*, United States District Court for the Central District of California, Case No. 15-CV-00094 SVW; (2) the full name, current address, and social security number of the Class Member making the objection; (3) the specific reason(s) for the objection; and (4) any and all evidence and supporting papers (including, without limitation, all briefs, written evidence, and declarations) for the Court to consider. Class Members who submit an objection remain bound by this Agreement. Class Members who submit an objection remain bound by the Settlement. Class Members who timely submit an objection must be available for deposition within 75 miles of the address of the Court if Defendants choose to take their deposition. Any Class Member who timely submits an objection and refuses to be available for deposition shall be deemed to have withdrawn his or her objection. Class Members who timely submit an objection shall have the right to appear at the Fairness Hearing either in person or through counsel, but must state their intention to do so at the time they submit their written objection. Class Members may withdraw their objections at any time.

46. Class Members who fail to make objections in the manner specified in the Class Notice shall be deemed to have waived any objections and shall be foreclosed from making any objection, whether by appeal or otherwise.

### IX. AGREEMENTS REGARDING ENHANCEMENT PAYMENTS TO CLASS REPRESENTATIVES AND PAYMENT OF ATTORNEYS' FEES

47. Class Counsel intends to request – and Defendants have agreed not to oppose – that the Court approve a Class Representative Incentive Payment of up to $5,000 for each of the four Class Representatives for their additional participation in the action.

48. Class Counsel intends to request – and Defendants and the DLSE have agreed not to oppose – that the Court approve an attorneys' fees and costs award for (a) attorneys' fees in an amount up to 30% of the Gross Settlement Amount (up to $900,000) and (b) costs in an amount up to $30,000.  This request for attorneys' fees and costs shall be supported by adequate documentation by Class Counsel.

49. Class Counsel's motion for approval of the enhancement payment to the Class Representatives, attorneys' fees, and costs shall be filed by July 25, 2016 and shall be heard during the Settlement Fairness and Final Approval Hearing.

50. The DLSE, DLSE Counsel, DLSE Award Claimants, and DLSE Hearing Claimants shall not be entitled to nor awarded any attorneys' fees or costs.

### X. APPROVAL OF DEFENDANTS RIGHTS TO WITHDRAW

51. Defendants have the right, at their sole option, to withdraw from the Settlement and Joint Stipulation if the number of Class Members opting out exceeds three percent of the total number of Class Members (i.e., if 68 or more of the 2,250 Class Members opt out).

52. Defendants also have the right, at their sole option, to withdraw from this Settlement and Joint Stipulation if more than 4 DLSE Award Claimants opt out of the Settlement.

53. These rights to withdraw are material terms of the Agreement and Defendants have the right, at their sole option, to withdraw from this Agreement if either of these material terms are not approved by the Court.

## XI. SETTLEMENT FAIRNESS AND FINAL APPROVAL HEARING

54. There shall be a Settlement Fairness and Final Approval Hearing to determine whether the Settlement will be finally approved as fair, reasonable and adequate as to the Class Representatives and the Settlement Class. The hearing will take place on August 22, 2016 at 1:30 p.m. in Courtroom 6 of this Court.

55. Class Counsel and Defense Counsel shall submit a joint [Proposed] Order of Final Approval and Good Faith Determination of Settlement; a joint Motion for Final Approval, and any supporting papers no later than July 25, 2016.

56. At the hearing, the Court will hear oral argument from counsel for the Parties. The Court will also hear oral argument from members of the Settlement Class who have timely filed a Notice of Objection and Notice of Intention to Appear and Entry of Appearance.

57. All related actions containing similar claims involving the Class and Defendants shall be stayed pending final approval of the Settlement.

58. If the Court makes a final determination that the Settlement is fair, reasonable, and adequate as to the Class Representatives and Settlement Class, the Court will issue an Order of Final Approval and Good Faith Determination of Settlement.

**IT IS SO ORDERED.**

DATED: April 25, 2016

*[signature]*

The Honorable Stephen V. Wilson
Judge of the United States District Court

ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

25334563v.2